```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
UNITED STATES OF AMERICA,                :
                                         :          20cr88 (DLC)
          -v-                            :
                                         :
GABRIEL DIXON,                           :      MEMORANDUM OPINION
                                         :           AND ORDER
               Defendant.                :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

Gabriel Dixon has requested compassionate release under Title 18, United States Code, Section 3582(c)(1)(A).  His request is denied.

On January 31, 2020, Dixon pled guilty to one count of conspiracy to distribute and possess with intent to distribute carfentanil, an analogue of fentanyl, in violation of 21 U.S.C. §§ 846, 8461(b)(1)(B).  Dixon was sentenced to 84 months in prison.  He is currently incarcerated at the Federal Correctional Institute, Oxford.

On January 16, 2022, Dixon filed a letter requesting to be released on house arrest or otherwise relieved from his prison sentence.  The Court construes this letter as a motion for reduction of sentence under 18 U.S.C. § 3582(a).  Dixon included with his letter medical records that were filed under seal.

A court may grant compassionate release to an inmate if the inmate has exhausted his administrative remedies by requesting

compassionate release from his warden and there are "extraordinary and compelling reasons" warranting a reduced sentence.  District courts may "independently . . . determin[e] what reasons . . . are extraordinary and compelling" for the purpose of the compassionate release determination.  United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020) (citation omitted).  If a court concludes that the petitioner has presented "extraordinary and compelling reasons" for compassionate release, it must also weigh the 18 U.S.C. § 3553(a) sentencing factors before awarding compassionate release.  Even if the court concludes that the petitioner has not presented the requisite extraordinary and compelling reason for compassionate release, the Second Circuit has recommended that the court should also assess if the § 3553(a) sentencing factors weigh in favor of granting compassionate release. United States v. Jones, 17 F.4th 371, 374-75 (2d Cir. 2021).

A defendant can satisfy § 3582(c)(1)(A)'s statutory exhaustion requirement by requesting that the Bureau of Prisons bring a motion on his behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  § 3582(c)(1)(A).  Dixon does not purport to have satisfied this exhaustion requirement, and provides no documentary evidence of any request to his warden.  Accordingly, Dixon's request must be denied.

Additionally, even if the Court could consider Dixon's request, it would still be denied because Dixon has presented no "extraordinary and compelling reasons" warranting a reduced sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Dixon cites as an extraordinary and compelling circumstance that he has contracted COVID-19. Medical records received in connection with this motion, however, indicate that Dixon's symptoms are not severe. Moreover, the Bureau of Prisons has also made COVID-19 vaccinations available to inmates and staff, further reducing any risk related to COVID-19. See COVID-19 Vaccine Implementation, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited January 25, 2022). The risk of incarceration during the COVID-19 pandemic is now less likely as a general matter to qualify as an extraordinary and compelling circumstance, and does not for Dixon.

Even if Dixon had presented an extraordinary and compelling circumstance for compassionate release, the § 3553(a) sentencing factors would weigh against it. Dixon was convicted of conspiring to distribute and possessing with intent to distribute over $200,000 worth of carfentanil. Important during sentencing was the defendant's history of drug offenses, and the harm caused by the defendant's distribution of a dangerous opioid. Nevertheless, the Court imposed a sentence several

years below the bottom of the guidelines range. Additionally, Dixon was sentenced during the COVID-19 pandemic, and the impact of the pandemic on Dixon's term of incarceration was considered at the sentencing hearing. No further reduction in sentence is therefore warranted. Accordingly, it is hereby

ORDERED that Dixon's motion for compassionate release is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mail Dixon a copy of this Order and note mailing on the docket.

Dated:   New York, New York
         March 21, 2022

_____
DENISE COTE
United States District Judge
